AFFIRM; and Opinion filed March 1, 2013.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-11-00826-CR

**JUAN CARLOS HERNANDEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 194th Judicial District Court
Dallas County, Texas
Trial Court Cause No. F09-60943-M

# MEMORANDUM OPINION

Before Justices Moseley, Francis, and Lang
Opinion By Justice Lang

Juan Carlos Hernandez appeals from a conviction of aggravated robbery with a deadly weapon. In a single issue on appeal, Hernandez contends the trial court abused its discretion by permitting a police detective to testify, over objection, respecting the Spanish statements made by Hernandez in his audio-recorded confession. We decide against Hernandez on this issue. The trial court's judgment is affirmed. Because all dispositive issues are clearly settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Hernandez was charged by indictment with aggravated robbery with a deadly weapon. After pleading not guilty, he was convicted by a jury, ordered to pay a $10,000 fine, and sentenced to fifty-

two years' imprisonment. At trial, Detective Gilberto Martinez, III, testified that he interviewed Hernandez and recorded his confession. According to the detective, there were "some points" in the interview when he spoke Spanish with Hernandez. Portions of the audio-recorded statement were played during the detective's testimony, and he testified regarding the English portion of the conversation between himself and Hernandez. Then, before the detective started to testify to what Hernandez said in the parts of the statement he made in Spanish, defense counsel objected to the detective "serving [in] the capacity of a translator." The objection was overruled, and the detective continued his testimony.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

"On appellate review, and pursuant to Texas Rule of Appellate Procedure 44.2(b), a non-constitutional error must be disregarded unless it affects the defendant's substantial rights." *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011) (citing TEX. R. APP. P. 44.2(b) ("Other errors. Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.")). We will not overturn a criminal conviction for non-constitutional error if, after examining the record as a whole, we have fair assurance the error did not influence the jury, or influenced the jury only slightly. *Id.* (citing *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001)). "In considering the potential to harm, the focus is not on whether the outcome of the trial was proper despite the error, but whether the error had a substantial or injurious effect or influence on the jury's verdict." *Id.* at 93-94 (citing *Wesbrook v. State*, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000)).

"A conviction must be reversed for non-constitutional error if the reviewing court has grave doubt that the result of the trial was free from the substantial effect of the error." *Id.* at 94 (citing *Burnett v. State*, 88 S.W.3d 633, 637 (Tex. Crim. App. 2002)). "'Grave doubt' means that 'in the

judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error.'" *Id.* (quoting *Burnett*, 88 S.W.3d at 637-38). "'[I]n cases of grave doubt as to the harmlessness the petitioner must win.'" *Id.* (quoting *Burnett*, 88 S.W.3d at 638).

In assessing the likelihood that the jury's decision was improperly influenced, we must consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, and the character of the alleged error and how it might be considered in connection with other evidence in the case. *Id.* (citing *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000); *Haley v. State*, 173 S.W.3d 510, 518-19 (Tex. Crim. App. 2005)). "The reviewing court may also consider the jury instruction given by the trial judge, the state's theory, defensive theories, closing arguments, voir dire, and whether the state emphasized the error." *Id.* (citing *Morales*, 32 S.W.3d at 867; *Haley*, 173 S.W.3d at 518-19; *Motilla v. State*, 78 S.W.3d 352, 355-56 (Tex. Crim. App. 2002)). Additionally, the presence of overwhelming evidence of guilt plays a determinative role in this analysis. *Neal v. State*, 256 S.W.3d 264, 285 (Tex. Crim. App. 2008) (citing *Motilla*, 78 S.W.3d at 356).

### B. Application of Law to Facts

Hernandez argues the trial court erred in permitting the detective to translate the Spanish-language portions of his recorded confession, contending the testimony was hearsay and the detective was a witness for the State who did not establish his qualifications to translate. The State responds Hernandez's objection at trial was not specific enough to preserve the issue, the trial court did not abuse its discretion in permitting the detective to translate Hernandez's Spanish statements, and any error was harmless.

Assuming, without deciding, the trial judge erred by admitting the detective's testimony regarding Hernandez's Spanish statements when defense counsel interposed his objection that the

detective was "serving the capacity of a translator" and "we have a translation issue," we must analyze whether that error affected Hernandez's substantial rights. *See* TEX. R. APP. P. 44.2(b); *Barshaw*, 342 S.W.3d at 93. The record reflects that before the detective testified and any part of the recording was played for the jury, evidence of Hernandez's guilt was admitted without objection. Another police officer, Officer Christopher Biggs, testified he stopped Hernandez in the complainant's vehicle for speeding. The police officer's testimony, video of that traffic stop, and still photographs from the video established Hernandez was the driver of the vehicle the police officer stopped. The evidence showed the complainant was the registered owner of the vehicle stopped, and not Hernandez. The police officer's testimony and the traffic citation he issued to Hernandez established Hernandez was driving the complainant's vehicle a few hours after the vehicle was reported stolen.

Then the detective testified. The record shows that before Hernandez raised the issue of the translation, the detective had already testified that Hernandez admitted he was there when the complainant was robbed, his "homeboy" used a screwdriver to steal the complainant's vehicle, and Hernandez "took off" in the complainant's vehicle. The detective testified that being a Spanish speaker, he would use occasional Spanish to establish rapport during the interview and that this interview contained some Spanish language. The complete audio recording was admitted into evidence, and no request was made to have any Spanish portions translated into English. The prosecution played the portion of the recording containing Hernandez's statements in English wherein he admitted he and his "homeboy" took the complainant's vehicle, but that his "homeboy" was the one with the screwdriver. Then, when the State began to play the portion of the recording containing Spanish and asked the detective what Hernandez said, the defense interposed its objection. After the trial court's ruling, the detective continued his testimony. Defense counsel did

not cross-examine the detective on his interpretation, and he did not ask the "courtroom interpreter" to verify the accuracy of the detective's testimony. We conclude any error in admitting the complained-of testimony was harmless in light of the overwhelming evidence of guilt shown by other evidence in the record. *See Neal*, 256 S.W.3d at 285.

## IV. CONCLUSION

We decide against Hernandez on his sole issue on appeal. The trial court's judgment is affirmed.

/s/ Douglas S. Lang

DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110826F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JUAN CARLOS HERNANDEZ, Appellant

No. 05-11-00826-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 194th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F09-60943-M).
Opinion delivered by Justice Lang, Justices Moseley and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered March 1, 2013.

DOUGLAS S. LANG
JUSTICE